IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 17, 2017, at Knoxville

**STATE OF TENNESSEE v. CHRISTOPHER COLLIER**

**Appeal from the Criminal Court for Shelby County**
**No. 14-05232       James M. Lammey, Judge**

_____

**No. W2016-01231-CCA-R3-CD**

_____

A Shelby County jury convicted the Defendant, Christopher Collier, of theft of property valued at $1,000 or more but less than $10,000, and the trial court sentenced the Defendant to twelve years of incarceration as a persistent offender. On appeal, the Defendant challenges the sufficiency of the evidence. Upon reviewing the record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Stephen C. Bush, District Public Defender; Harry E. Sayle III (on appeal) and William Johnson (at trial), Assistant District Public Defenders, for the appellant, Christopher Collier.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Amy P. Weirich, District Attorney General; and Chris Lareau, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The Defendant and his co-defendants, Ephram Collier and Chester Dickson, were indicted on theft of property valued at $1,000 or more but less than $10,000 for stealing a trailer and lawn equipment belonging to Mr. Kenneth Knox, a landscape contractor, during the early morning hours of May 15, 2014. Mr. Ephram Collier also was charged

with evading arrest. We glean from the record that the co-defendants subsequently entered guilty pleas regarding the charges. The Defendant, however, chose to proceed with a trial.

During the trial, Mr. Roderick Smith testified that at the time of the offense, he was staying with his cousin, who lived next door to Mr. Knox in Memphis. Mr. Smith had just put down his infant son for the night when he heard dogs barking in the backyard. He looked outside and saw two men walking around Mr. Knox's trailer. Mr. Smith could not see the faces of the men because it was dark outside. He said that both men were African American, that one man was short and had a "low" haircut, and that the other man was tall and had small dread locks. Mr. Smith saw one man get into the front passenger seat of a truck and another man get in the back seat. Mr. Smith and his cousin went outside, and Mr. Smith saw the truck with the two men inside driving away with Mr. Knox's trailer. Mr. Smith notified Mr. Knox, who then left in his truck to search for the trailer.

Mr. Smith testified that police officers arrived four to six minutes later and took statements from the witnesses. A short time later and after Mr. Knox returned to his home, an officer reported that a trailer had been located a short distance from Mr. Knox's home. The officer transported Mr. Smith and Mr. Knox to the trailer, which was approximately three to five minutes away from Mr. Knox's home, and Mr. Knox identified his property.

On cross-examination, Mr. Smith testified that the incident occurred sometime after midnight. He said he was alerted by the dogs, which generally did not bark unless someone was walking around the backyard area. Mr. Smith stated that when he looked outside, he saw a white Jeep backing into the trailer and two men walking around the Jeep. He did not see the men hooking the trailer up to the Jeep but said that he saw one man jump into the back seat of the Jeep and another man jump into the front passenger seat. Mr. Smith did not see anyone enter the Jeep on the driver's side. He subsequently saw the Jeep drive away and turn right down North Watkins Street.

Mr. Kenneth Cox testified that in May 2014, he was a landscape contractor in Memphis and lived on North Watkins Street. He owned a trailer that he had purchased new for $700. He also owned a Honda self-propelled push mower that he had purchased for $1,200 and a zero-turn riding mower that he had purchased for $2,500. He kept the trailer and mowers chained to an oak tree between his carport and his truck. He stated that the chain was almost the largest chain available for purchase at a hardware store.

During the early morning hours of May 15, 2014, Mr. Knox received a call that someone had taken his trailer. He looked outside and saw that his trailer was missing.

- 2 -

He told his wife to call the police and then drove his wife's truck down North Watkins Street in search of the trailer. Mr. Knox testified that he saw a man cleaning an area near the road and asked the man whether he saw someone drive by with a trailer. The man stated that he had not seen anyone. Mr. Knox then returned home. He estimated that he was gone for less than five minutes.

Once police officers arrived at his home, Mr. Knox gave a description of the trailer to the officer. While Mr. Knox was speaking to the officer, the officer received a call that the trailer had been located. Mr. Knox accompanied the officer to the scene, which was located three or four minutes away from his home, and identified his trailer and his lawn equipment. Mr. Knox testified that he did not know the Defendant and that he did not give the Defendant or two other men permission to take his trailer and lawn equipment.

On cross-examination, Mr. Knox testified that when he went to bed, his trailer and lawn equipment were secure. He did not see the men take his property. Once Mr. Knox identified his trailer and his lawn equipment, he was allowed to take it home.

The State also presented the testimony of Officer Robert Strickland, who responded to the theft call at Mr. Knox's home, and the testimony of Officer Shawn Biessenberger, who stopped the Defendant and the other men with Mr. Knox's trailer and lawn equipment. Officer Biessenberger testified that while he and his partner were patrolling the area, a dispatcher reported over the radio that suspects in a white pickup truck had stolen a utility trailer. While patrolling the area at Overton Crossing, Officer Biessenberger saw a white sports utility vehicle (SUV) hauling a trailer with lawn equipment on it. He contacted Officer Strickland, who was at Mr. Knox's home, and asked Officer Strickland whether the vehicle involved could have been a white SUV. After speaking to Mr. Knox, Officer Strickland responded that the vehicle was a SUV.

Officer Biessenberger stopped the white SUV shortly before 1:30 a.m. The man in the front passenger seat fled; Officer Biessenberger's partner pursued him; and the man was eventually taken into custody. Officer Biessenberger remained with the driver and the Defendant, who was in the back seat, and took them into custody. Officer Biessenberger observed a large set of bolt cutters in the rear part of the vehicle close to where the Defendant was sitting. Officer Biessenberger stated they were some of the largest bolt cutters that he had ever seen.

Officer Strickland testified that he subsequently went to the scene of the stop, which was approximately two miles away from Mr. Knox's home. Mr. Knox's property was recovered and returned to him.

At the conclusion of the trial, the jury convicted the Defendant of theft of property valued at $1,000 or more but less than $10,000. Following a separate sentencing hearing, the trial court sentenced the Defendant to twelve years to be served in confinement as a persistent offender.

## ANALYSIS

On appeal, the Defendant contends that the evidence is insufficient to support his conviction for theft of property valued at $1,000 or more but less than $10,000. Specifically, he asserts that the evidence is insufficient to establish that he intended to deprive Mr. Knox of his property. The State responds that the evidence is sufficient to support the Defendant's conviction. We agree with the State.

When a defendant challenges the sufficiency of the evidence, the relevant question for this court is "whether, after viewing the evidence in the light most favorable to the State, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On appeal, "'the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom.'" *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Therefore, this court will not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Instead, it is the trier of fact, not this court, who resolves any questions concerning "the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The burden is then shifted to the defendant on appeal to demonstrate why the evidence is insufficient to support the conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

This court applies the same standard of review regardless of whether the conviction was predicated on direct or circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 381 (Tenn. 2011). "Circumstantial evidence alone is sufficient to support a conviction, and the circumstantial evidence need not exclude every reasonable hypothesis except that of guilt." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012).

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103(a). Theft of property is a Class D felony

- 4 -

when the value of the property is $1,000 or more but less than $10,000.  T.C.A. § 39-14-105(a)(3) (2014).[1]

When viewed in a light most favorable to the State, the evidence presented at trial established that Mr. Knox secured his trailer and lawn equipment with a heavy-duty chain.  Sometime after midnight, Mr. Smith saw two men walking around the trailer.  He then saw one man jump into the back seat of a white vehicle and another man enter the front passenger side of the vehicle.  The vehicle drove away and was only apprehended due to the quick response of Mr. Smith and police officers.  After officers pulled over the vehicle, the Defendant was identified as the man in the back seat of the vehicle.  A set of large bolt cutters was located in the vehicle near the Defendant.  Mr. Knox identified the trailer and lawn equipment hooked up to the vehicle as belonging to him and testified that the Defendant and the other men did not have permission to take his property.  Based upon Mr. Knox's testimony, the property was valued at well over $1,000.

Evidence that the Defendant and the other perpetrators took the property in the middle of the night, that they quickly departed from the scene, and that they possessed bolt cutters that could be used to cut the chain around Mr. Knox's property supported the jury's finding that the Defendant intended to deprive Mr. Knox of his property.  The Defendant argues that while some circumstantial evidence was presented from which a jury might infer intent, such evidence was insufficient to establish intent beyond a reasonable doubt.  Essentially, the Defendant requests that this court reweigh the evidence.  However, issues regarding the credibility of witnesses and the weight and value to the evidence are within the province of the jury, and this court may not reweigh or reevaluate evidence on appeal.  *See Bland*, 958 S.W.2d at 659; *Matthews*, 805 S.W.2d at 779.  Rather, we conclude that the evidence presented at trial was sufficient to establish that the Defendant knowingly exercised control over Mr. Knox's property, without Mr. Knox's permission, and with the intent to deprive Mr. Knox of his property.  The Defendant is not entitled to relief with regard to this issue.

## CONCLUSION

Based on our review of the record and the applicable law, we affirm the judgment of the trial court.

---

[1] Effective January 1, 2017, theft of property valued greater than $1,000 but less than $2,500 is a Class E felony and theft of property valued at $2,500 or more but less than $10,000 is a Class D felony.  T.C.A. § 39-14-105(a)(2), (3).

_____
JOHN EVERETT WILLIAMS, JUDGE